UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                          CRIMNAL NO. 3:25-CR-49-DPJ-LGI

WILLIAM BYRD MCHENRY, JR.

ORDER

Defendant Willam B. McHenry, Jr. seeks judgment of acquittal or new trial following a

perjury conviction.  *See* Mot. [48].  For the following reasons, the motion is denied.

I.      Background

McHenry was a gun collector and seller.  He also faced a multi-million-dollar judgment

that an appointed receiver was trying to collect.  On July 1, 2021, he was asked these questions

and gave these responses during a sworn debtor examination:

| Examiner: | Did you sell these guns while your bankruptcy was pending? |
|---|---|
| McHenry: | No. |
| Examiner: | So, you know that you sold them after your bankruptcy was over? |
| McHenry: | Yes. |
| Examiner: | And your bankruptcy was over in July of 2021. That's when your case was closed, correct? So, you sold every one of these guns after July 2021? |
| McHenry: | Absolutely. |
| Examiner: | Did you sell any guns while your bankruptcy was pending? |
| McHenry: | No, but that doesn't have anything to do with what we're here for today. I don't understand why you keep digging on that. |

Indictment [3] at 2.  The indictment alleged that each response constituted perjury, and evidence

at trial showed that McHenry sold more than one hundred firearms to a local dealer during this

time.

On February 25, 2026, a federal jury convicted him of perjury under 18 U.S.C. § 1623(a). The verdict form listed each of the above quoted statements, and the jury found him guilty as to each one. *See* Jury Verdict Form [43].

II.     Standards

Under Rule 29, the Court may set aside a jury's verdict of guilt if "the evidence is insufficient to sustain a conviction" of one or more of the offenses charged in the indictment. Fed. R. Crim. P. 29(a), (c). "The jury's verdict will be affirmed 'if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt.'" *United States v. Girod*, 646 F.3d 304, 313 (5th Cir. 2011) (quoting *United States v. Myers*, 104 F.3d 76, 78 (5th Cir. 1997)). "The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt, so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Moser*, 123 F.3d 813, 819 (5th Cir. 1997). And when "assessing the sufficiency of the evidence, we do not evaluate the weight of the evidence or the credibility of the witnesses, but view the evidence in the light most favorable to the verdict, drawing all reasonable inferences to support the verdict." *Girod*, 646 F.3d at 313 (citing *Myers*, 104 F.3d at 78–79).

Rule 33(a) allows the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." But "[t]he grant of a new trial is necessarily an extreme measure." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997). Therefore, "motions for new trial are not favored, and are granted only with great caution." *Id.* (citing *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977)). "A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant." *United States v. Wright*, 634 F.3d 770, 775

2

(5th Cir. 2011) (quoting *O'Keefe*, 128 F.3d at 898). An error affects the defendant's substantial rights if "it affected the outcome of the trial court proceedings." *United States v. Alarcon*, 261 F.3d 416, 423 (5th Cir. 2001).

When considering a motion for a new trial, the Court "may weigh the evidence and assess the credibility of the witnesses." *United States v. Arnold*, 416 F.3d 349, 360 (5th Cir. 2005) (citing *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997)). "The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Robertson*, 110 F.3d at 1118. And "any error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial." *United States v. Wall*, 389 F.3d 457, 474 (5th Cir. 2004) (quoting 3 Charles Alan Wright, et al., *Federal Practice and Procedure Criminal* § 556 (3d ed. 2004)).

III.    Analysis

McHenry moved for judgment of acquittal at trial, and his motion raises no new arguments. Nor does it identify any errors by the Court under Rule 33 (other than denying the Rule 29 motion at trial). The Court therefore revisits his oral motion which questioned the sufficiency of the evidence and whether his misstatements were material.

A.    Sufficiency of the Evidence

In his motion, McHenry broke the disputed testimony into two categories. The first category includes the first three questions cited in the indictment. He believes the answers to those questions were truthful when considered in context. During the examination, McHenry was asked about guns he listed in his bankruptcy Schedule C (a schedule typically used for exempt or protected property). So when the examiner asked him about "these guns," Indictment [3] at 2, she was still talking about those he listed on his Schedule C. McHenry contended that

3

there is no evidence he sold any Schedule C guns during the bankruptcy.  But the jury heard circumstantial evidence supporting the conviction.  Three guns on his Schedule C shared the make, model, and caliber as guns he sold to a gun shop during this period.  It's true the guns were not matched by serial numbers as McHenry observed, but that's because the serial numbers were not listed on the Schedule C he prepared.  Thus, the evidence is circumstantial and not direct.

The third statement was more open ended:  "Did you sell *any* guns while your bankruptcy was pending?"  Indictment [3] at 12 (emphasis added).  McHenry answered "No," but he added, "that doesn't have anything to do with what we're here for today.  I don't understand why you keep digging on that."  *Id.*  He argued at trial that the false statement was not knowingly made because he thought the examiner was still discussing the Schedule C guns.  Thus, he lacked intent to deceive.

That's one way to view it, but "[t]he intent necessary to support a conviction can be demonstrated by direct or circumstantial evidence that allows an inference of an unlawful intent, and not every hypothesis of innocence need be excluded."  *United States v. Aggarwal*, 17 F.3d 737, 740 (5th Cir. 1994); *accord United States v. McAfee*, 8 F.3d 1010, 1014 (5th Cir. 1993).  The jury is therefore "free to choose among reasonable constructions of the evidence."  *United States v. Pennington*, 20 F.3d 593, 597 (5th Cir. 1994).

McHenry's claim that he sold no guns during the bankruptcy proceedings was indisputably false.  He sold at least 113.  And circumstantial evidence supports the jury's finding that he knew the statement was false.

4

First, the jury heard evidence indicating a motive to evade—McHenry had paid nothing on a multi-million-dollar civil judgment he owed to victims of a Ponzi scheme.[1] The receiver, trying to collect that debt, had seized some property with a relatively modest value, but as of the examination, he had not made any payments. Thus, the jury could have found that he was actively trying to avoid paying what he owed and was hiding assets during the examination.

Second, the jury heard evidence that he gave evasive answers during other parts of the debtor examination. To begin, when McHenry questioned why the examiner kept asking about the guns, she responded, "I'm here to understand your income. And you're selling these guns for money, so I'm trying to understand when you sold assets, to whom, and for how much. So going back to my question, did you sell any firearms while your bankruptcy was pending?" G-2 at 84. McHenry answered, "No." *Id.* at 85. He was not charged with that statement, but a reasonable juror could find that it was false and that it provided circumstantial proof of his intent when giving the answer that was charged.

As another example, the examiner showed McHenry bank receipts and asked where the money came from. McHenry then acknowledged selling guns, but when asked where he sold them, he would either say he didn't recall or would say he sold them to unidentified people at gun shows. *See* D-2 at 99–102, 105–07. What he didn't reveal is that he sold 113 guns to Vann's Sporting Goods (over multiple transactions) and collected tens of thousands of dollars during the bankruptcy proceedings. *See* G-5; G-6. A witness from Vann's testified that his visits were notable given the number and types of guns he sold—including high-end weapons and collectables. Despite all those transactions, McHenry never mentioned Vann's, and the jury heard a possible reason why. The Vann's witness and the receiver explained that sales to dealers

---

[1] Others were convicted for this scheme, but he was not.

are recorded and therefore traceable.  You can't trace "I don't recall" or "[p]eople at gun shows." D-2 at 106.  These intrinsic acts would further indicate an intent to deceive.

Third, even his question about why the examiner kept "digging" could be viewed as an intent to move away from the gun-sales conversation because McHenry did not want to disclose that considerable income source.  He knew the purpose of the debtor examination, had an apparent motive to be evasive, and seemingly tried to change the subject.  He then doubled down when the examiner explained why she needed to know whether he had sold "any" guns, denying again that he had.  G-2 at 84–85.

McHenry's hypothesis is not frivolous—the Court took the motion under advisement at the close of the Government's case.  But the jury was not required to accept his theory. *Aggarwal*, 17 F.3d at 740.  And the evidence supports the verdict under Rules 29 and 33.

B.      Materiality

McHenry argued at trial that the misstatements were immaterial because after denying that he sold any guns, he later admitted selling some when shown the bank deposits.  The jury was instructed that a statement is "'material' if it has a natural tendency to influence, *or is capable of influencing*, the decision of the person or entity to which it is addressed."  Fifth Circuit Pattern Jury Instructions (Criminal) § 1.40 (2019) (emphasis added).  The statement need not actually mislead.  *See United States v. Salinas*, 923 F.2d 339, 341 (5th Cir. 1991).

The materiality issue was discussed at trial.  The Court concluded that McHenry's subsequent acknowledgement of some gun sales would not make his initial denials immaterial for two reasons.  First, it was a backdoor attempt to argue recantation even though that defense was inapplicable.  McHenry disclosed the gun sales only after being shown deposits related to them.  *See United States v. Denison*, 663 F.2d 611, 615 (5th Cir. 1981) (noting that "if it has

become manifest to the witness that the falsity of his testimony has been or will be exposed, the time for recantation is over").

Second, "materiality is tested *at the time the allegedly false statement was made*." *United States v. Lee*, 359 F.3d 412, 416 (6th Cir. 2004); *accord United States v. McKenna*, 327 F.3d 830, 839 (9th Cir. 2003). As stated by the Tenth Circuit:

> We gauge the materiality of false testimony when it was given, not with the gloss of later information. *See United States v. Allen*, 892 F.2d 66, 68 (10th Cir. 1989) ("The materiality test is determined at the time and for the purpose for which the allegedly false statement was made."). So if someone lies on direct examination and admits the lie on cross-examination, the original lie doesn't become immaterial with the later admission.

*United States v. Fernandez-Barron*, 950 F.3d 655, 663 (10th Cir. 2019).

Materiality is a jury question. And the receiver trying to collect from McHenry explained why withholding these sales would be material. McHenry made tens of thousands of dollars during his bankruptcy proceedings that the receiver discovered through her investigation but not from McHenry. That McHenry later admitted selling some guns after being confronted with the deposits does not make the initial false statements immaterial. The evidence was sufficient to support the jury's materiality finding.

IV.    Conclusion

The Court has considered all arguments. Those not addressed would not have altered the outcome. For the foregoing reasons, the Court denies McHenry's motion for judgment of acquittal or new trial [48].

**SO ORDERED AND ADJUDGED** this the 15th day of May, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

7