UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V. CRIMNAL NO. 3:25-CR-49-DPJ-LGI

WILLIAM BYRD MCHENRY, JR.

# ORDER

Defendant Willam B. McHenry, Jr. seeks an order allowing him to remain on bond pending appeal under 18 U.S.C. § 3143(b). *See* Def.'s Mot. [68]. For the following reasons, the motion is denied.

## I. Background

McHenry was a gun collector and seller. He also faced a multi-million-dollar judgment that an appointed receiver was trying to collect. On November 18, 2021, he was questioned under oath about his assets, and a jury later found that he lied. *See* Indictment [3] at 1. It therefore convicted him of perjury under 18 U.S.C. § 1623(a). McHenry filed a post-trial motion for judgment of acquittal or new trial that the Court denied on May 15, 2026. *See* Order [51]. The Court then sentenced McHenry to a 20-month term of imprisonment and set his report date for September 28, 2026. *See* Judgment [55] at 2–3. After sentencing, McHenry's trial counsel withdrew, and substitute counsel was appointed. *See* Order [56]. McHenry then appealed, and his new attorney filed the present motion asking the Court to grant bond pending appeal.

## II. Standards

"[A]ny putative right to bail derives from 18 U.S.C. § 3143, which 'establishes a presumption against' its being granted." *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006)

(citing *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987)). McHenry relies on § 3143(b). As relevant here, that subpart says:

> [T]he judicial officer *shall* order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . , be detained, unless the judicial officer finds—
>
> > (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and
> >
> > (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> >
> > > (i) reversal,
> > > (ii) an order for a new trial,
> > > (iii) a sentence that does not include a term of imprisonment, or
> > > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process . . . .

§ 3143(b) (emphasis added). Here, the Government disputes just one requirement—whether McHenry raises a substantial question of law or fact likely to result in relief under § 3143(b)(1)(B). *See* Gov.'s Resp. [69] at 5 (declining to address other requirements).

The first question is whether the clear-and-convincing standard stated in Subpart (A) applies to the substantial-question requirement in Subpart (B). McHenry says it doesn't because "[n]o standard . . . is listed for" Subpart (B). Def.'s Mot. [68] at 3. That argument is not supported by the statute's text. While the standard is stated in Subpart (A), it carries over to Subpart (B) because Subpart (A) ends with "and." 18 U.S.C. § 3143(b)(1)(A). Indeed, the Fifth Circuit has held that defendants must show "by clear and convincing evidence . . . that the appeal raises a substantial question of law or fact." *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987) (citation omitted).[1]

[1] Even under a lesser standard for Subpart (B), McHenry has not met his burden.

Turning to the substantial-question requirement, the Fifth Circuit first defined "substantial question" in *United States v. Valera-Elizondo*, 761 F.2d 1020, 1024 (5th Cir. 1985). There, the court "adopt[ed] the [Third Circuit's] interpretation of section 3143(b), subject to the [Eleventh Circuit's] and this Court's additional observations on the definition of a 'substantial question.'" *Id.* at 1025.

So starting with the Third Circuit, that court defined "substantial question" to mean "a question that is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Id.* at 1023 (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). The Eleventh Circuit mostly adopted this definition but added that it "would define a 'substantial question' as 'one of more substance than would be necessary to a finding that it was not frivolous. . . . It is a "close" question or one that very well could be decided the other way.'" *Id.* at 1024 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

The Fifth Circuit adopted these tests but "add[ed its] observation that 'substantial question' means that the issue presented must raise a substantial doubt (not merely a fair doubt) as to the outcome of its resolution." *Id.* It also concluded that to show the substantial question is "likely to result in" an event justifying bond, the defendant must show it is "more probable than not that reversal will be required." *Id.* at 1024–25.

III. Analysis

McHenry can't meet these standards, so he takes a different approach. He starts by saying he is "foreclosed from addressing sufficiently [the substantial-question] element until he receives" the trial transcript. Def.'s Mot. [68] at 8. He then lists five issues he anticipates raising and throws in a few more while discussing whether reversal is likely. *See id.* at 8–10. The Court will first consider the lack of a transcript and then address the issues McHenry raised.

A. The Transcript

McHenry believes that reviewing the trial transcript—once obtained—could reveal substantial questions that would justify continued bond. *Id.* at 8. He offers only two examples: "(a) whether the testimony provided by Alysson Mills contained improper hearsay statements, which prejudiced the jury against Mr. McHenry; [and] (b) whether the witness was requested to give answers to the prosecutor's questions that called for speculation on the witness' part." *Id.* But he cannot say—even in general terms—why he thinks Mills offered inadmissible testimony or what she said that would constitute reversible error. Nor has he identified any other theories he believes the transcripts might reveal.

McHenry's legal argument for extending bond on this basis comes in his reply brief, where he cites his Fifth Amendment right to due process and poses this rhetorical question: "Does requiring Mr. McHenry to report for imprisonment at this time deprive him of his rights to seek to remain on bond during the pendency of his appeal?" Def.'s Reply [70] at 2–3. McHenry offers neither legal argument nor authority to support his point.

The Court's own research found little authority, other than one non-binding district-court case that rejected this argument. *See United States v. Swan*, No. 1:12-CR-00027-JAW-01, 2014 WL 3699317, at *2 (D. Me. July 24, 2014). More generally, § 3143(b) does not provide an exception to the substantial-question requirement when the term of incarceration begins before the transcript has been prepared. It instead creates a "presumption against" granting bond. *Olis*, 450 F.3d at 585. Also, "[a] convicted defendant has no constitutional right to bail." *Id.* (citing *Williams*, 822 F.2d at 517).

But assuming the lack of a transcript could impact due process, McHenry would have to show prejudice. Several courts, including the Fifth Circuit, have addressed arguments that

delayed transcripts violated the defendant's due-process rights on appeal. That context is different, but as the First Circuit noted, "[M]ere delay, in and of itself will not give rise to a due process infraction. The defendant must show prejudice." *United States v. Luciano-Mosquera*, 63 F.3d 1142, 1158 (1st Cir. 1995), *amended* (Sept. 28, 1995), *writ denied sub nom. United States v. Soltero-Lopez*, No. CRIM. 91-0170CCC, 2010 WL 3420029 (D.P.R. Aug. 27, 2010). The Fifth Circuit denied a similar argument in *Norton v. Dimazana*, because the defendant failed to show "why the transcript was necessary," i.e., prejudice. 122 F.3d 286, 293 (5th Cir. 1997).

McHenry has not shown prejudice. As an initial point, both parties based their cases on what he testified to in the sworn debtor's examination. The Government said that testimony was perjured, McHenry said it was true as reflected in other statements he made during the same examination. That transcript is readily available and speaks for itself. Aside from that, he has identified only two issues that a transcript might substantiate, but, even then, he is speculating that an issue with Mills's testimony could be found. The Court will address the arguments regarding Mills when addressing the other issues McHenry states. But at bottom, McHenry hopes to conduct a fishing expedition that might uncover reversible error. That is too speculative to demonstrate prejudice.

B. McHenry's Listed Issues

As for the appellate issues McHenry anticipates, he lists the following five he believes are substantial:

> (a) whether the testimony provided by Alysson Mills contained improper hearsay statements, which prejudiced the jury against Mr. McHenry;
>
> (b) whether the witness was requested to give answers to the prosecutor's questions that called for speculation on the witness' part;
>
> (c) whether the Government's statements to the District Court Judge during the sentencing hearing were inflammatory and prejudicial in that they were designed

> to influence the Judge to impose a sentence that was greater than necessary to accomplish the purposes of sentencing;
>
> (d) whether the documents and materials allegedly obtained from a gun shop were accurate and authenticated by the employee of the gun shop for the purposes of their use to prepare the Government's Summary Chart that was entered into evidence during the trial; and,
>
> (e) whether the evidence at the criminal trial was sufficient to support the affirmative defense of recantation where Mr. McHenry gave testimony during the debtor examination hearing that no "Schedule C" guns were sold during the bankruptcy. 18 U.S.C. § 1623.

Def.'s Mot. [68] at 8. McHenry offers no elaboration on these points.

***Objectionable testimony—issues (a) and (b).*** These issues relate to unidentified testimony from Mills that might have been inadmissible. As the Government notes in response, there is currently no basis to find these alleged errors ever happened, that McHenry objected to them if they did, or that they would likely result in reversal.[2]

To begin, McHenry cannot show a substantial question without identifying the improper testimony. While the Court understands why counsel advances this argument, there is nothing to consider. In addition, if there were no objections, then McHenry must demonstrate plain error before these issues would be likely to lead to relief under § 3143(b)(1)(B). "A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights." *United States v. Williams*, 847 F.3d 251, 254 (5th Cir. 2017) (quotation omitted) (finding no plain error as to alleged hearsay testimony). McHenry has made no such showing. Thus, these anticipated appellate issues fail to show a "substantial question of law or fact likely to result in" relief. 18 U.S.C. § 3143(b)(1)(B).

[2] The Court reviewed the rough trial transcript and found no objections during Mills's testimony, though that transcript is unofficial.

***Government arguments during sentencing hearing—issue (c)***. McHenry says the Government tried to inflame the Court during sentencing. Def.'s Mot. [68] at 8. Unlike issues (a) and (b), McHenry did have the transcript from the sentencing hearing before he made this argument. *See id.* at 3; *see also* Sentencing Tr. [66]. Yet he has identified no inflammatory or prejudicial statements. Also, the hearing transcript shows that McHenry asserted no objections to any statements the Government made during that hearing. *See* Sentencing Tr. [66]. Because he has not identified any improper arguments, McHenry has neither shown plain error nor a substantial question.

In any event, the Court was not inflamed, so the issue is unlikely to result in reversal. The Government could have sought the maximum sentence under 18 U.S.C. § 1623 but instead recommended a sentence at the top of the advisory guideline range. Sentencing Tr. [66] at 11. The Court rejected that request and imposed a sentence near the bottom of the calculated range. *Id.* at 21. Thus, issue (c) fails to show a substantial question that would likely justify relief. 18 U.S.C. § 3143(b)(1)(B).

***Summary chart—issue (d).*** McHenry questions whether the Government's summary chart was properly admitted. Here again, the record is complete because the Government filed an unopposed motion in limine seeking its admission at trial, and the Court granted it. *See* Mot. [26]; Order [32] at 1. McHenry has not shown that this ruling was plain error.

***Recantation defense—issue (e).*** The Court did not instruct the jury on recantation, and McHenry apparently intends to appeal whether the evidence was sufficient to support that affirmative defense. Def.'s Mot. [68] at 8. Here again, the trial transcript is unnecessary, this time for two reasons. First, the defense is based on statements made during the debtor exam, and

McHenry has that transcript. *See* Def.'s Mot. [68] at 9. Second, McHenry expressly waived this defense before trial.

McHenry was convicted of perjury under § 1623. As he notes though, § 1623(d) includes this affirmative defense:

> Where, in the same continuous court or grand jury proceeding in which a declaration is made, the person making the declaration admits such declaration to be false, such admission shall bar prosecution under this section if, at the time the admission is made, the declaration has not substantially affected the proceeding, or it has not become manifest that such falsity has been or will be exposed.

That defense is also reflected in Fifth Circuit Pattern Jury Instruction (Criminal) 2.69, which tracks § 1623(d). *See* Def.'s Mot. [68] at 9. But no instruction was given.

This issue first arose on February 23, 2026, when the Government filed a motion in limine to preclude any argument on the recantation defense. *See* Gov.'s Mot. [35]. McHenry *conceded* the motion but argued that his statements after the alleged perjury put the disputed statements in context:

> Mr. McHenry is not claiming that he recanted and understands that he will be precluded from doing so at trial. His defense is simple. He did not knowingly provide a false statement as can be seen when examining the attached excerpts of the judgment debtor examination transcript and that any alleged false statement was not material at least partially due to his later statements acknowledging numerous gun sales during the bankruptcy proceedings.

Def.'s Resp. [36] at 2.[3]

Simply put, "[f]orfeited errors are reviewed under the plain error standard; waived errors are entirely unreviewable." *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006) (citing *United States v. Musquiz*, 45 F.3d 927, 931–32 (5th Cir. 1995)); *see also United States v.*

[3] This position is understandable for two reasons. First, McHenry never admitted during the debtor exam that his earlier statements were false—a requirement for recantation. Second, his theory at trial was that he never knowingly made a false statement to begin with (thus, there was nothing to recant). That was a legitimate strategic choice.

*Martinez*, 79 F. App'x 12, 13 (5th Cir. 2003) (holding that waived "argument is not reviewable on appeal"). McHenry waived the recantation defense—which didn't apply anyway—so he is foreclosed from asserting that issue on appeal. A waived issue is not a substantial question.

C. Additional Issues

When McHenry addresses whether the five substantial questions he lists are likely to result in reversal, he makes other arguments challenging the weight of the evidence. For example, McHenry says he "explained that his misstatement was not material because he corrected his declaration during the hearing." Def.'s Mot. [68] at 9. If that argument is not related to recantation, then it might question whether the conviction withstands the weight of the evidence. He also states that an issue exists whether he "intended to deceive." *Id.* at 10. And he faults the prosecution for not matching the guns on his bankruptcy Schedule C to guns he allegedly sold at the pawn shop and then failed to disclose during the debtor exam. The Court addressed these issues when denying McHenry's motions for judgment of acquittal during and after trial. *See* Order [51]. For the reasons stated then, there is no substantial question now.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have altered the outcome. For the foregoing reasons, the Court denies McHenry's motion to remain on bond pending appeal [68].

**SO ORDERED AND ADJUDGED** this the 24th day of September, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE